IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

YVONNE E. WILSON,

       Plaintiff,                                      05cv1748

    v.                                             ELECTRONICALLY FILED

CHILDREN'S MUSEUM OF PITTSBURGH
and JANE WERNER

       Defendants.

Memorandum Order

This is an action for employment discrimination. Plaintiff, Yvonne Wilson, alleges that defendants, Children's Museum of Pittsburgh and Jane Werner, harassed her, discriminated against her, and retaliated against her based upon her age, disability, and race under the ADEA, the ADA, Title VII and the PHRA. Plaintiff seeks compensatory and punitive damages. Pending before this Court is defendants' motion to dismiss the second amended complaint or, in the alternative, motion for summary judgment, or in the alternative, motion for a more definite statement (doc. no. 28). After reviewing defendants' motion and plaintiff's response thereto, this Court GRANTS defendants' motion to dismiss as to the claims against defendant Werner individually under Title VII and the ADA, and in all other respects, said motion[1] is DENIED.

I.      Standards of Review

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences

---

[1]Because the parties have referred to matters outside of the pleadings on the portion of the motion to dismiss relating to plaintiff's alleged failure to exhaust her administrative remedies, Fed. R. Civ. P. 12(b) requires that the portion of the motion be treated as one for summary judgment and disposed of as provided in Fed. R. Civ. P. 56.

therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules."  *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

The standards for reviewing a motion for summary judgment are as follows:

> Under Federal Rule of Civil Procedure 56(c), summary judgment is proper where no genuine issue of material fact exists, and where, viewing the facts in the light most favorable to the party against whom summary judgment was entered, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

*Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004).

II.     Discussion

Defendants allege that plaintiff's age discrimination claim should be dismissed because she failed to exhaust her administrative remedies since her claim was not specifically presented in her administrative charge, nor was this claim "fairly within the scope of her prior PHRC complaint." Plaintiff counters that assertion and provides documentation evidencing that on at least five occasions during the EEOC proceedings, plaintiff (who was then proceeding *pro se*) raised the issue of age discrimination before the Pennsylvania Human Relations Committee. Viewing the facts in the light most favorable to plaintiff, as the non-moving party, and as the attached exhibits indicate, plaintiff's repeated indications of proceeding under age discrimination is "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)(quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). Accordingly, defendant's motion for summary judgment for failure to exhaust administrative remedies as to the age discrimination claim is DENIED.

Defendants next allege that plaintiff's claims against individual defendant Werner for violation of Title VII, the ADA, and the PHRA should be dismissed under Fed. R. Civ. P. 12(b)(6) because there is no individual liability under Title VII, the ADA and the PHRA based upon the facts plead by plaintiff.

As to defendants' arguments that individual employee liability is precluded under Title VII, this Court follows the precedential holding by the United States Court of Appeals for the Third Circuit, who joined the majority of other circuits, in holding that individual employees can not be held liable under Title VII. *Sheridan v. E.I. Dupont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996). Accordingly, all counts alleging violations of Title VII against defendant Jane Werner are DISMISSED, with prejudice.

Further, as to defendants' argument that the individual also can not be held liable under the ADA, this Court notes that although the Third Circuit has not yet expressed its view on whether individual liability is available under the ADA, this Court will follow the consensus view of the courts of this Circuit, who have declined to find that an individual employee should be held liable for alleged violations of the ADA.  *Fullman v. Philadelphia Int'l Airport*, 49 F.Supp. 2d 434, 441 (E.D. Pa. 1999); *Brannaka v. Bergey's, Inc.,* 1998 WL 195660 (E.D. Pa. March 30, 1998); *Saylor v. Ridge,* 989 F.Supp. 680, 688 (E.D. Pa. 1998).  Accordingly, all counts alleging violation of the ADA against defendant Werner are DISMISSED, with prejudice.

Defendants also allege that plaintiff's claim for aiding and abetting under the PHRA against defendant Werner should be dismissed.  In order to set forth a claim for aiding and abetting under Section 955 of the PHRA, plaintiff must allege that an individual defendant actively or affirmatively participated in or compelled the discriminatory conduct.  *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542 (3d Cir. 1996).  In the case at bar, plaintiff has alleged facts sufficient to set forth a claim for aiding and abetting.  Accordingly, defendants' motion to dismiss for failure to set forth a claim for aiding and abetting under Section 955 of the PHRA is DENIED, without prejudice.[2]

**AND NOW, this 12th day of May, 2006,** after due consideration of defendants' motion to dismiss second amended complaint or, alternatively, motion for summary judgment or, alternatively, motion for more definite statement, plaintiff's response thereto, and the memoranda of law in support and in opposition thereto (doc. no. 28), said motion is GRANTED as to the

---

[2]The Court will not address the remaining contentions set forth in defendants' motion at this time because this Court finds that in all other respects the motion shall be denied.  In light of this Court's rulings on the lack of individual liability under Title VII and the ADA, defendants' alternative motion for a more definite statement is also DENIED AS MOOT.

counts relating to individual liability of defendant Werner under Title VII and the ADA, and DENIED in all other respects, without prejudice to defendants' raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

        SO ORDERED this 12th day of May, 2006.

        <u>s/Arthur J. Schwab</u>
        Arthur J. Schwab
        United States District Judge

cc:    All counsel of record